Randall T. Garteiser (CBN 231821)
rgarteiser@ghiplaw.com
Christopher A. Honea (CBN 232473)
chonea@ghiplaw.com
Kirk J. Anderson (CBN 289043)
kanderson@ghiplaw.com
GARTEISER HONEA, P.C.
119 W. Ferguson St.
Tyler, Texas 75702
Tel/Fax: (888) 908-4400

Attorneys for Plaintiff
BLUE SPIKE LLC

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

BLUE SPIKE, LLC,

Plaintiff,

v.

VIZIO, INC.,

Defendant.

Civil Case No.: 8:17-cv-1172

Hon. David O. Carter

**BLUE SPIKE'S MEMORANDUM IN OPPOSITION TO VIZIO'S MOTION TO DISMISS**

1

MEMORANDUM IN SUPPORT OF BLUE SPIKE'S OPPOSITION TO VIZIO'S MOTION TO DISMISS

GARTEISER HONEA – TRIAL ATTORNEYS

GARTEISER HONEA – TRIAL ATTORNEYS

# TABLE OF CONTENTS

**TABLE OF CONTENTS** .......... **2**

**TABLE OF AUTHORITIES** .......... **3**

**INTRODUCTION** .......... **5**

**RELIEF SOUGHT** .......... **7**

**ARGUMENT** .......... **7**

I. DEFENDANT'S 12(B)(4) MOTION TO DISMISS FOR INSUFFICIENT PROCESS IS UNFOUNDED. .......... 7

*A. Sufficient Service of Process Has Taken Place, at the Very Least as Defendant Has Been Re-Served a Signed Copy of Summons.* .......... *7*

II. DEFENDANT'S REQUEST TO DISMISS PURSUANT TO 41(A)(1)(B) "TWO DISMISSAL RULE" IS UNWARRANTED. .......... 9

*A. Whether the "Two Dismissal Rule" Applies, if at All, is for Determination by the Court Presiding Over the Third Suit and is Not Blindly Applied Per Se as Asserted by Vizio.* .......... *9*

*B. Two Dismissal Rule is Not Warranted where Voluntary Dismissals are Consensual, Thus its Application Here Would Reward Defendants Bad Faith Attempt to Avoid a Fair Trial on the Merits.* .......... *11*

i. When One or More Voluntary Dismissal is Consensual, Application of the Two Dismissal Rule is Not Warranted .....11

ii. Defendant Deliberately Changed it Positions to Capitalize on a Bad Faith Application of the Two Dismissal Rule, Thus the Doctrine of Judicial Estoppel Favors a Denial of Defendant's Motion to Dismiss .......... 15

III. DEFENDANT'S 12(B)(6) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM IS UNFOUNDED ..... 17

*A. Defendant's Motion to Dismiss is Inconsistent with the Clear Facts Indicated in Blue Spike's Pleading, Which Meet the Necessary Plausible Standard to Defeat a 12(b)(6) Motion.* .......... *17*

*B. Vizio Relies on Misapplication of a "Sufficient Non-Infringing Uses" Defense to Contributory Infringement in its 12(b)(6) Claim that Cannot Be Sustained.* .......... *20*

**CONCLUSION** .......... **25**

**TABLE OF AUTHORITIES**

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1940, 173 L. Ed. 2d 868 (2009). ........18
*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) ........18
*CAP Co. Ltd. V. McAfee, Inc.*, Not Reported in F.Supp.3d, 2015 WL 3945875 at *3-4 (N.D. Cal. 2015) ........19
*Commercial Space Mgmt. Co., Inc. v. Boeing Co., Inc.*, 193 F.3d 1074 (9th Cir. 1999) ........10
*Davis v. Wakelee*, 156 U.S. 680, 689 (1895). ........16
*Edward Wynn LLC v. U.S.A. Far Ocean Group*, Slip Copy, 2013 WL 12139354 (C.D. Cal. 2013) ....8
*Edwards v. Aetna Life Ins. Co.*, 690 F.2d 595, 598 (5th Cir. 1982) ........16
*Erickson v. Pardus*, 551 U.S. 89, 93, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007) ........18
*Ghosh v. City of Berkeley*, Not Reported in F.Supp.3d, 2015 WL 153209 (N.D. Cal. 2015) ........8
*Glaspell v. Davis*, 2 F.R.D 301, 04 (1942) ........10
*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1337 (Fed. Cir. 2012). ........19
*In re TC Heartland LLC*, 821 F.3d 1338, 1342 (Fed. Cir.), cert. granted sub nom. *TC Heartland LLC v. Kraft Food Brands Grp. LLC*, 137 S. Ct. 614, 196 L. Ed. 2d 490 (2016), and rev'd and remanded sub nom. *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514, 197 L. Ed. 2d 816 (2017) ........14
*Island Stevedoring, Inc. v. Barge CCBI*, 129 F.R.D. 430, 32 (1990) ........11, 12
*Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd* 545 U.S. 913, 932, 125 S.Ct. 2764, 162 L.Ed.2d 737 (2007) ........21
*Moten v. Sullivan*, 974 F.2d 1342 (1992) ........8
*Oak Indus., Inc. v. Zenith Elecs. Corp.*, 697 F. Supp. 988, 995 (N.D. Ill. 1988) ........22
*Porlorn Products Inc v. Lybrand Ross Bros & Mongomery*, 534 F.2d 1012, 17 (1976) ........11
*Ricoh Co. v. Quanta Computer Inc., 550 F.3d 1325, 1327 (Fed. Cir. (Wis.) 2008)* ........21
*Russell v. Rolfs*, 893 F.2d 1033, 1037 (5th Cir. 1990) ........16
*See Kerr Corp. v. Westside Resources, Inc.*, Not Reported in F.Supp.2d, 2007 WL 5613512 (2007).12
*See Lucent Techs., Inc. v. Gateway, Inc., 580 F.3d 1301 (Fed. Cir. (Cal.) 2009* ........21
*Sony Corp. v. LG Elecs. U.S.A., Inc.*, 768 F. Supp. 2d 1058, 1061 (C.D. Cal. 2011) ........19
*Sony Corporation of America v. Universal City Studios, Inc.*, 464 U.S. 417, 104 S.Ct. 774, 78 L.Ed.2d 574 (1984). ........21
*Surowitz v. Hilton Hotels Corp.*, 383 U.S. 363, 73, 86 S.Ct. 845, 51, 15 L.Ed.2d 807, 14 (1966) ......10
*Sutton Place Development Co. v. Abacus Mortg. Co.*, 826 F.2d 637 (1987) ........11
*TCW Special Credits v. Fishing Vessel Chloe Z*, 238 F.3d 431 at *1 (9th Cir. 2000) ........11, 12
*United States v. City of Redwood City*, 640 F.2d 963, 966 (9th Cir.1981) ........19
*United States v. Hook*, 195 F.3d 299, 306 (5th Cir. 1999). ........16
*United States v. McCaskey*, 9 F.3d 368, 378 (5th Cir. 1993). ........16
*Western Group Nursuries v. Ergas*, 211 F.Supp.2d 1362, 71 (2002) ........11, 12

**Statutes**

35 U.S. Code § 271 ........21
41(a)(1)(B) ........passim

Rule 12(b)(4) ..... 7
Rule 12(b)(6) ..... 7, 21
Rule 4 of the Federal Rules of Civil Procedure ..... 8, 9
Rule 41(a) ..... 10
Rule 41(a), ..... 13
Rule 41(a)(1) ..... 11
Rule 8(a)(2), ..... 19

**Other Authorities**

H.R.Rep. No. 82-1923 ..... 19

GARTEISER HONEA – TRIAL ATTORNEYS

4

MEMORANDUM IN SUPPORT OF BLUE SPIKE'S OPPOSITION TO VIZIO'S MOTION TO DISMISS





GARTEISER HONEA – TRIAL ATTORNEYS

INPUT
amazon
NETFLIX
iHeart RADIO
CC
EXIT
BACK
OK
GUIDE
MENU
INFO
VOL
CH
WIDE

5

MEMORANDUM IN SUPPORT OF BLUE SPIKE'S OPPOSITION TO VIZIO'S MOTION TO DISMISS

**INTRODUCTION**

For nearly a year, Defendant Vizio, Inc. has been aware of the complaint Plaintiff Blue Spike LLC, ("Blue Spike") has concerning its infringement on the plaintiff's patented technology. Blue Spike has corresponded and engaged with Vizio in in order to quickly resolve disagreements. Blue Spike has conferred with defendant to resolve the initial default judgment entered against Vizio in the first case, whereby to reduce motion practice and burden on the Court at Vizio's request, Blue Spike moved to have the clerk's entry of default removed and dismissed the case with the defendant's agreement in January of 2017.

When Blue Spike filed suit for a second time, Vizio filed a motion to dismiss without first contacting Blue Spike. Vizio argued that venue was appropriate in California, but that the court should defer resolution of its motion until the, then pending, U.S. Supreme Court decision on *TC Heartland* was decided, stating "[a] two-month delay will not prejudice Blue Spike in any way, and will prevent VIZIO from being prejudiced by having to litigate a case in a venue that it does not belong." On May 22, promptly following the Court's decision in *TC Heartland*, Blue Spike reached out to Vizio for consensus on how to proceed, noting "[t]ime is of the essence." Vizio responded "I would think that your [*sic.*] would want to voluntarily dismiss. Is that something we can file today?" Blue Spike shortly thereafter filed notice to dismiss the complaint, and the court ordered it into effect "*without prejudice*" on July 7, 2017. That same day, Blue Spike served Vizio summons and complaint in the Central District of California, July 7, 2017.

Vizio now wishes to break with the spirit of good faith and cooperation that brought about these expedited outcomes, and seeks to dismiss on three courts: (1) the defendant asserts a 12(b)(4) claim to dismiss for insufficient process; (2) the defendant seeks to use the consensual voluntary

dismissals filed by Blue Spike to dismissal pursuant to 41(a)(1)(B); and (3) the defendant asserts a Rule 12(b)(6) claim to dismiss for failure to state a claim.

**RELIEF SOUGHT**

Based upon the points and authorities that are contained in this opposition by and through its counsel, requests the Court enter an order denying VIZIO's Motion to Dismiss on all three counts:

1. Denial of Vizio's motion to dismiss for insufficient process, pursuant to Rule 12(b)(4) of the Federal Rules of Civil Procedure. It is unfounded as Vizio was served with a clerk-signed copy of summons within the statutory period to do so.
2. Denial of Vizio's motion to dismiss for filing its lawsuit more than twice, pursuant to Rule 41(a)(1)(B) of the Federal Rules of Civil procedure. Both previous voluntary dismissals were consensual, *i.e.*, arising from mutual agreement between the parties. Blue Spike did so to aid Vizio, and Vizio did not object.
3. Denial of Vizio's motion to dismiss for failure to state a claim, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The facts presented in claim are more than sufficient to meet the reasonably plausible standard upon review by this Court.

**ARGUMENT**

## I. DEFENDANT'S 12(B)(4) MOTION TO DISMISS FOR INSUFFICIENT PROCESS IS UNFOUNDED.

### A. Sufficient Service of Process Has Taken Place, at the Very Least as Defendant Has Been Re-Served a Signed Copy of Summons.

Vizio refers to a summons that was served with this complaint "a day before the Court's clerk actually signed summons in this case" and contends that this is a fatal error in process which necessitates dismissal pursuant Rule 12(b)(4). *See* MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF VIZIO'S MOTION TO DISMISS, Case No. 8:17-cv-1172-DOC-KES at 4 (Aug. 28, 2017) (hereinafter *Vizio Motion to Dismiss* (C.D. Cal)).

In support of its 12(b)(4) dismissal, Vizio cites three cases that support the conclusion that an unsigned summons is not a fatal error in process. *See Edward Wynn LLC v. U.S.A. Far Ocean Group*, Slip Copy, 2013 WL 12139354 (C.D. Cal. 2013); *Ghosh v. City of Berkeley*, Not Reported in F.Supp.3d, 2015 WL 153209 (N.D. Cal. 2015); *Moten v. Sullivan*, 974 F.2d 1342 (1992).

The requirements of Rule 4, *Summons*, are both flexible and liberally construed where a party receives sufficient notice, and technical errors do not necessitate dismissal when the plaintiff has substantially complied with Rule 4 of the Federal Rules of Civil Procedure. *See Edward Wynn,* at *3 (holding that notice was sufficient and dismissal was not warranted); *See also, Ghosh.* at *2. Moreover, even where a defendant does not make a technical error in process, the flexible nature of Rule 4 is likely to result in an extension of time for the plaintiff to serve summons when a defendant challenges sufficient process pursuant to 12(b)(4). *See Ghosh,* at *2 (extending service for plaintiff and denying dismissal). Finally, when a plaintiff shows flagrant disregard for proper service, as shown in *Moten* (plaintiff was notified by both the defendant and court order—extending service of process 120 days from the date of complaint's filing) then dismissal may be a proper remedy applied by the court. *See Moten,* at *1 (affirming district court order to dismiss "without prejudice.").

Blue Spike has great respect for both the Federal Rules and their purpose. It has shown a willingness to work with Vizio to ensure that, by addressing the defendant's concerns at an early stage, this case can proceed efficiently towards a fair trial on the merits of Blue Spike's complaint. At this point and time, Vizio has been served summons twice for the Central District of California, both on August 7th and on August 29th. Therefore, an extension to re-serve the summons is not needed in this case. After being made aware that Vizio would move to dismiss on 12(b)(4) grounds due to a summons that, as indicated in its own argument, it knew was properly processed

GARTEISER HONEA – TRIAL ATTORNEYS

on August 8th, Blue Spike re-served the summons on defendant within sixteen business days of original service. *See Vizio Motion to Dismiss,* at 3 (C.D. Cal).

Moreover, the complaint at issue is one that Vizio is well aware of due to the ongoing nature of the case itself—Vizio has had notice and has been in ongoing communication with Blue Spike for just over a year, working with Blue Spike to vacate and dismiss default as to Vizio on January 24, 2017, and to relocate venue to the Central District of California on July 7, 2017. Had the defendant simply requested a new copy of the summons, which by its own admission it knew had been processed and signed by the clerk of this court on August 8, 2017, Blue Spike would have willingly sent Vizio a signed copy of the summons, thus avoiding the time this Court will now spend to review defendant's currently resolved 12(b)(4) motion.

While Blue Spike is disappointed with the lack of Vizio's effort to address this issue in a manner that is less wasteful of this courts time, the defendant's 12(b)(4) issue is moot. Because Vizio has been given both actual and sufficient notice, and because of the defendant's continuous contact with Blue Spike and its familiarity with the complaint, the plaintiff has at a minimum substantially complied with the requirements of Rule 4 and dismissal under 12(b)(4) is not merited.

## II. DEFENDANT'S REQUEST TO DISMISS PURSUANT TO 41(A)(1)(B) "TWO DISMISSAL RULE" IS UNWARRANTED.

### A. Whether the "Two Dismissal Rule" Applies, if at All, is for Determination by the Court Presiding Over the Third Suit and is Not Blindly Applied Per Se as Asserted by Vizio.

Vizio argues that, pursuant to Rule 41(a)(1)(B) of the Federal Rules of Civil Procedure, "the Court must dismiss Blue Spike's claims relating to the ASLR patents, *with prejudice*." *See Vizio Motion to Dismiss*, at 4 (C.D. Cal).

The defendant asserts that bringing a third claim is strictly barred after it has been voluntarily dismissed twice pursuant to the so called "two dismissal rule," which presumptively

dismisses a claim "with prejudice" and triggers the doctrine of *res judicata*. *Id*. Ironically *Commercial Space Mgmt. Co., Inc. v. Boeing Co., Inc.*, 193 F.3d 1074 (9th Cir. 1999), the very case Vizio cites as authority for its argument, does not support this conclusion. Instead, *Commercial Space* holds that the "preclusive effect of [a second voluntary] dismissal, *if any*, is for determination in a subsequently filed action that implicates the two dismissal rule." *Id.* at 1076, 77, 80. (vacating prior district court decision to "recondition" second dismissal pursuant to defendant's 59(e) motion and holding that the effect of the two dismissal rule can be properly determined "only in a third action.").

The "basic purpose of the Federal Rules is to administer justice through fair trials, not through summary dismissals as necessary as they may be on occasion," and to ensure "that a fair trial of the essential questions could be had." *See Surowitz v. Hilton Hotels Corp.*, 383 U.S. 363, 73, 86 S.Ct. 845, 51, 15 L.Ed.2d 807, 14 (1966); *Glaspell v. Davis*, 2 F.R.D 301, 04 (1942). It follows that when the outcome of the two dismissal rule would impede the court's ability to facilitate a fair trial on the merits, judicial discretion in applying Rule 41(a) allows courts to avoid unjust outcomes for otherwise proper litigants. Thus, rather than a *per se* application of the two dismissal rule, the decision by the decision by the Ninth Circuit Court of Appeals in *Commercial Space* underscores that the "the preclusive effect… *if any*" of Rule 41(a) is not applied as a matter of course, but rather, upon "additional briefing, hearings, and court orders" the court presiding over the third action will, with an understanding of context and in its discretion, decide as to whether the two dismissal rule applies. *Commercial Space,* at 1080.

Though Blue Spike understands that it has the burden of overcoming the language of 41(a)(1)(B), by asserting that "the two dismissal rule unequivocally bars" the present action, Vizio misunderstands this Court's role in applying the Federal Rules of Civil Procedure contextually and

in the interest of justice and fundamental fairness. Moreover, the outcome of applying the two dismissal rule in the present action would contravene the purpose of Federal Rules by unjustly denying a full and fair trial on the merits of this action.

### B. Two Dismissal Rule is Not Warranted where Voluntary Dismissals are Consensual, Thus its Application Here Would Reward Defendants Bad Faith Attempt to Avoid a Fair Trial on the Merits.

#### i. When One or More Voluntary Dismissal is Consensual, Application of the Two Dismissal Rule is Not Warranted

After conferring with Blue Spike on both prior dismissals in this case, Vizio asks this Court to set aside the parties' agreements on these consensual voluntary dismissals in order to prohibit a full hearing on the merits of this case pursuant to Rule 41(a)(1)(B), two-dismissal rule.

The purpose of the two-dismissal rule is to avoid unreasonable uses of *unilateral* voluntary dismissals. *See, TCW Special Credits v. Fishing Vessel Chloe Z*, 238 F.3d 431 at *1 (9th Cir. 2000); *Western Group Nurseries v. Ergas*, 211 F.Supp.2d 1362, 71 (2002); *Island Stevedoring, Inc. v. Barge CCBI*, 129 F.R.D. 430, 32 (1990); *See also, Porlorn Products Inc v. Lybrand Ross Bros & Mongomery*, 534 F.2d 1012, 17 (1976) (stating that "[i]t seems to be universally accepted that the primary purpose of the 'two dismissal' rule is to prevent an unreasonable use of the plaintiff's unilateral right to dismiss an action prior to the filing of the defendant's responsive pleading."). Moreover, as a narrow exception to the "'general principle, contained in Rule 41(a)(1) and honored in equity prior to the adoption of the Federal Rules, that a voluntary dismissal of an action does not bar a new suit based upon the same claim….' We should be especially careful not to extend the scope of such a narrow exception when the purpose of the exception would not be served." *Sutton Place Development Co. v. Abacus Mortg. Co.*, 826 F.2d 637 (1987); *See also, Porlorn,* at 1017 (stating that where the "'two dismissal' exception would not appear to be served by its literal application, and where that application's effect would be to close the courthouse doors

GARTEISER HONEA – TRIAL ATTORNEYS

GARTEISER HONEA – TRIAL ATTORNEYS

to an otherwise proper litigant, a court should be most careful not to construe or apply the exception too broadly."); *TCW,* at *1; *Western Group*, at 1370. Unreasonable uses of voluntary dismissals have centered around waste of judicial economy, harassing litigation, baseless and duplicative claims. *See Western Group,* at 1370.

An intent inquiry into clearly unilateral voluntary dismissals by the plaintiff is not often applied as such dismissals fall squarely within the purpose of the two dismissal rule. *See Kerr Corp. v. Westside Resources, Inc.*, Not Reported in F.Supp.2d, 2007 WL 5613512 (2007). However, where one or more of the plaintiff's voluntary dismissal is not unilateral, but rather a tacit agreement between the parties indicates it was actually consensual, application of the two dismissal rule is unwarranted. *See TCW,* at *2; *Western Group,* at 1371. Courts have found voluntary dismissals by the plaintiff consensual (1) where parties have conferred on the matter prior to the voluntarily dismissal, (2) the plaintiff has relied on the defendant's suggestion or agreement to that it should voluntarily dismiss, and (3) the defendant understands the reason for plaintiff's purpose for dismissing dismissal and does not oppose it. *Id.* In these cases, the voluntary dismissal has lost the potential dangers associated with a plaintiff's use of unilateral dismissals and is considered to be mutually agreed upon, *i.e.*, a consensual use of plaintiff's voluntary dismissal. *See Island,* at 432.  Similar to a stipulated dismissal, "[i]t is clear that the two dismissal rule does not apply where the defendant consents to one or more of the voluntary dismissals." *See Western Group,* at 1371; *See also, TCW,* at *2; *Island,* at 432.

That the application of the two dismissal rule is not warranted where a plaintiff's use of the two dismissal rule is consensual was recognized by the Ninth Circuit Court of Appeals in *TCW Special Credits v. Fishing Vessel Chloe Z.*, 238 F.3d 431 (9th Cir. 2000).  The court in *TCW* found that though a plaintiff's dismissal is not "formally 'stipulated,' it is not unilateral as all parties

tacitly agreed to the dismissal." *Id.* at *2. The decision in *TCW* noted a discussion between the parties where the defendant had opposed venue and had, therefore, encouraged the plaintiff to voluntarily dismiss. *Id*. Moreover, there was a lack of evidence demonstrating that the plaintiff's filings were part of a strategy that indicated unreasonable use of voluntary dismissal. *Id.* The holding affirms that a prior dismissal is not unilateral when the parties have discussed it beforehand and have, thus, tacitly agreed that the plaintiff should file notice. *Id.* In such cases, applying the two dismissal rule to a consensual dismissal would not only undermine the fundamental purpose of Rule 41(a), but also the expectations of both parties to the suit. *Id.* (holding that tacit agreement made the voluntary dismissal consensual, and affirming the district court's decision not to dismiss plaintiffs action on *res judicata* grounds).

The record demonstrates that both of the prior voluntary dismissals by Blue Spike are the result of prior discussions between the plaintiff and the defendant. It also demonstrates that these dismissals benefitted the defendant, and came at the bequest of the defendant itself. Arising from mutual agreement between the parties, these consensual voluntary dismissals do not warrant application of the two-dismissal rule. Instead of the unilateral abuse the two-dismissal rule intended to protect against, both parties understood that the voluntary dismissals promoted judicial efficiency by avoiding a court hearing on the disputed issues and by quickly helping the case move towards trial. Notably, Vizio understood the reasons for both of Blue Spikes dismissals "without prejudice" and did not raise an objection to either of them.

Indeed, the first motion for voluntary dismissal on January 24, 2017, is commemorated in the notice to the court itself, and readily acknowledged by Vizio in its motion to dismiss. *See* PLAINTIFF'S UNOPPOSED MOTION TO VACATE THE CLERK'S ENTRY OF DEFAULT AND FOR VOLUNTARY DISMISSAL REGARDING DEFENDANT VIZIO, INC., Case No. 6.16-cv-1142-RWS-JDL

(Jan. 24, 2017) (citing that "parties have met and conferred, and, in furtherance of justice" move to vacate entry of default, and submit notice of voluntary dismissal so as "to not further delay this case."); *see also, Vizio Motion to Dismiss* (C.D. Cal) ("The parties met and conferred" prior to motion to vacate and dismiss). Vizio wanted to avoid the clerk's entry of default against it, and Blue Spike was willing to dismiss in order to speed up the process and try the case. Because of this well documented purpose for the first dismissal, clearly both parties understood and conferred on the reason for the un-opposed voluntary dismissal, and the court was fully aware of the consensual reasons for the dismissal.

The second consensual dismissal followed Vizio's motion to dismiss in the Eastern District of Texas, which notably was predicated on an argument that *Forco* limited the jurisdiction in Blue Spike's patent claim to the Central District of California, and thus it moved to forestall a trial in the Eastern District of Texas until the outcome of the Supreme Court's decision *TC Heartland*—at the time, the Federal Circuit's decision in *TC Heartland* found Vizio's "argument to be utterly without merit or logic." *See In re TC Heartland LLC*, 821 F.3d 1338, 1342 (Fed. Cir.), cert. granted sub nom. *TC Heartland LLC v. Kraft Food Brands Grp. LLC*, 137 S. Ct. 614, 196 L. Ed. 2d 490 (2016), and rev'd and remanded sub nom. *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514, 197 L. Ed. 2d 816 (2017); *see also,* DEFENDANT VIZIO, INC.'S FED.R.CIV.P.12(B)(3) MOTION TO DISMISS FOR IMPROPER VENUE, Case No. 6:17-cv-00060-RWS-KNM (May 8, 2017) (hereinafter *Vizio Motion to Dismiss* (E.D. TX)).

Immediately following the Court's decision in *TC Heartland,* Blue Spike reached out to confer with Vizio for a consensus on how the parties would proceed noting that "[t]ime is of the essence." *See* Declaration of Randall Garteiser, Ex. A, email exchange between counsel for parties dated May 22, 2017.  Defendant replied: "I would think that your [*sic.*] would want to voluntarily

GARTEISER HONEA – TRIAL ATTORNEYS

dismiss. Is that something we can file today?" *Id*. In reliance on this mutual course of action, Blue Spike shortly thereafter requested a voluntary dismissal, which was granted on July 7, 2017. *See* FINAL JUDGMENT, Case No. 6:17-cv-60-RWS-KNM (July 7, 2017) ("ORDERED that Plaintiff's claims against Defendant be dismissed *without prejudice*."). It should be also noted that on the very same day, Blue Spike filed its claim in the Central District of California and served the defendant July 7, 2017. As with Blue Spikes initial voluntary dismissal, this unopposed dismissal was consensual and, in fact, came at the request of the defendant.

While Blue Spike has been working with Vizio to move expeditiously towards trial, the defendant's pattern of behavior indicates that its efforts have been to forestall and inhibit a fair and full trial on the merits of the plaintiff's complaint. Though Blue Spike does not ask the court to make a decision based solely on the purpose of the two dismissal rule, it should be apparent that the two dismissal rule was not intended as a tool to be used by defendant in a bad faith attempt to avoid or forestall litigation. This is especially true when the mutual intent of the parties is indicated in an agreement to move the case forward through the plaintiff's use of voluntary dismissal. The pattern of gamesmanship that Vizio has undertaken in order to delay or prohibit this case should not be rewarded by an application of the two-dismissal rule.

Because one or both of the voluntary dismissals used to move this case towards trial are consensual as a result of mutual agreement, the preclusive effect of 41(a)(1)(B), which is triggered upon two *unilateral* voluntary dismissals of the same claim, is not warranted in the present case.

**ii. Defendant Deliberately Changed it Positions to Capitalize on a Bad Faith Application of the Two Dismissal Rule, Thus the Doctrine of Judicial Estoppel Favors a Denial of Defendant's Motion to Dismiss**

After conferring with Blue Spike in good faith to effectuate two consensual voluntary dismissals, and following its motion to dismiss the second complaint in the Eastern District of

GARTEISER HONEA – TRIAL ATTORNEYS

Texas for the purported reasons of avoiding prejudice to either party by litigating in a venue it did not prefer, the plaintiff has moved this trial to the Central District of California where Vizio now changes its position and asserts that Blue Spikes claims should be dismissed with prejudice.

The doctrine of judicial estoppel is instructive on this point. Judicial estoppel's purpose is "to protect the integrity of the judicial process," *Edwards v. Aetna Life Ins. Co.*, 690 F.2d 595, 598 (5th Cir. 1982), by "prohibiting parties from deliberately changing positions according to the exigencies of the moment," *United States v. McCaskey*, 9 F.3d 368, 378 (5th Cir. 1993). Judicial estoppel "is an equitable doctrine invoked by a court at its discretion," *Russell v. Rolfs*, 893 F.2d 1033, 1037 (5th Cir. 1990) (internal marks omitted). Courts look at several factors in determining whether judicial estoppel applies. First, a party's later position must be "clearly inconsistent" with its earlier position. *United States v. Hook*, 195 F.3d 299, 306 (5th Cir. 1999). Another factor suggesting judicial estoppel should be applied is whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped. *See Davis v. Wakelee*, 156 U.S. 680, 689 (1895).

As noted in its *Vizio Motion to Dismiss* (E.D. TX), the defendant's initial position in moving for dismissal in the second suit was to avoid prejudice to both Blue Spike and Vizio. *See Vizio Motion to Dismiss* (E.D. TX) (Noting that "[a] two-month delay will not prejudice Blue Spike in any way, and will prevent Vizio from being prejudiced by having to litigate a case in a venue that it does not belong."). Consistent with Vizio's ostensible purpose to not prejudice either party in litigating this claim are its negotiations with Blue Spike, which resulted in consensual voluntary dismissals that relieved the defendant of a default judgement against it and a venue change to the Central District of California, which defendant preferred. As noted in the previous section, both of these dismissals were discussed with Vizio as part of a cooperative effort by Blue

Spike, and in fact the second dismissal came at Vizio's suggestion. Vizio is now attempting to turn these consensual outcomes on their heads so that it can gain an unfair advantage at the expense of the opposing party.

While Blue Spike asks that this Court honor the mutual purpose of its two consensual voluntary dismissals, if the Court is not inclined to honor the parties' agreements and the doctrine of *res judicata* is thereby applied, it should deny Vizio's motion to dismiss on grounds that it would be inequitable to both the plaintiff and the judicial process of this Court to not judicially estop defendant's attempt to gain an unfair advantage in this case through a bad faith application of Rule 41(a)(1)(B).

## III. DEFENDANT'S 12(B)(6) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM IS UNFOUNDED

### A. Defendant's Motion to Dismiss is Inconsistent with the Clear Facts Indicated in Blue Spike's Pleading, Which Meet the Necessary Plausible Standard to Defeat a 12(b)(6) Motion.

GARTEISER HONEA – TRIAL ATTORNEYS

Vizio contends that the present action is "unsupported by any facts raised in the complaint," and that the plaintiff has "therefore failed to properly allege a claim for contributory infringement." *See Vizio Motion to Dismiss,* at 5 (C.D. Cal.).

A complaint needs only satisfy the minimal "short and plain statement" threshold of Rule 8(a)(2) to survive a dismissal motion. *See Porter v. Jones*, 319 F.3d 483, 494 (9th Cir.2003). *1023; *MyMedicalRecords, Inc. v. Jardogs, LLC*, 1 F. Supp. 3d 1020, 22–23 (C.D. Cal. 2014). Patent infringement claims "do not require a plaintiff to plead facts establishing that each element of an asserted claim is met. Indeed, a plaintiff need not even identify which claims it asserts are being infringed." *Koninklijke Philips Electronics NV v. National Film Laboratories Inc.,* Slip Copy 2012 WL 12886498 at *2 (C.D. Cal. 2012). However, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *See Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1940, 173 L. Ed. 2d 868 (2009). Though "[s]pecific facts are not necessary; the statement need only "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *See Erickson v. Pardus*, 551 U.S. 89, 93, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

Guided by judicial experience and common sense, when determining whether a claim is plausible a court construes all "factual allegations set forth in the complaint… as true and… in the light most favorable" to the claimant. *See Ashcroft, supra,* at 79; *Lee v. City of L.A.*, 250 F.3d 668, 88 (9th Cir. 2001). A sufficiently pled complaint is plausible on its face "even if it strikes a savvy judge that actual proof of those facts is improbable, and that recovery is very remote and unlikely." *See Erickson, supra,* at 93. "For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6)." *See Sony Corp. v. LG Elecs. U.S.A., Inc.*, 768 F.

GARTEISER HONEA – TRIAL ATTORNEYS

Supp. 2d 1058, 1061 (C.D. Cal. 2011) (citing *United States v. City of Redwood City*, 640 F.2d 963, 966 (9th Cir.1981)).

In the case at issue, a contributory infringement claim is established where a "complaint manifestly places the defendant on notice that it allegedly infringes the patents-in-suit." *See MyMedicalRecords, supra,* at 1025 (notice establishes "full knowledge of the patents in suit."); *see also, CAP Co. Ltd. V. McAfee, Inc.*, Not Reported in F.Supp.3d, 2015 WL 3945875 at *3-4 (N.D. Cal. 2015). A plaintiff must also "plead facts that allow an inference that the components sold or offered for sale have no substantial non-infringing uses." *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1337 (Fed. Cir. 2012). Where a reasonable inference of contributory infringement is pled at the initial stage of a lawsuit, the court must accept them as true and the merits of the defendant's purported non-infringing uses can be demonstrated, if at all, at a later stage in the lawsuit. *See MyMedicalRecords, supra,* at 1029; *Koninklijke, supra,* at *5.

In the present case, Blue Spike has satisfied the "short and plain statement" threshold of Rule 8(a)(2), and thus, a dismissal of its complaint is unmerited. Rather than claiming *ad absurdum* that the televisions as a *whole*, generally, are "good for nothing but infringement"—which is as "completely nonsensical" as Vizio hopes the argument will sound—Blue Spike has instead clearly indicated in its complaint that it is the "Address Space Layout Randomized E ALSR F… security technique that protects software by shuffling it in computer memory" that is at issue in the present case. *See Vizio Motion to Dismiss,* at 5 (C.D. Cal.); *See also,* Blue Spike Complaint P.7 (E.D. TX). Therefore, it is the specific feature of Vizio's app streaming and casting that is the infringing component at issue in Blue Spikes complaint. Vizio's streaming and casting function, and/or the ASLR security technique, is employed in "all of Defendant's tablets employing the Android 4.0 operating system or later, including, but not limited, to its T and NM

GARTEISER HONEA – TRIAL ATTORNEYS

series of tablets as well as its Smartcast Tablet remote that comes with its P-series and M-series televisions," and Vizio's "smart televisions capable of streaming secured content such as Netflix, YouTube, Google Play, HBO Go, Fox Now, and other such services…. [which] include, but are not limited to, Vizio's D-Series, E-Series, M-Series, P-Series, and Reference Series of televisions." Blue Spike Complaint P. 7.

The facts of Blue Spikes complaint, furthermore, explain how Vizio was able to obtain the ASLR technique, describing that Vizio obtained these patents by employing the "Android 4.0 operating system or later," which utilize the ASLR patents. *Id*. The complaint also explains the infringing feature of the ASLR patented methods, devices, and systems taught by Blue Spikes patents, and that the defendant's products utilize the "*method for copy protecting a software application comprising the [ASLR patent protected] steps of: determining an address within the memory [component] of the computer system*." *Id.* at P. 9. (alterations added). Vizio "has not obtained a license for any of Blue Spike's patented technologies." *Id.* at P. 8. Moreover, the defendant has had knowledge of its use of the infringing patents "at least as early as the service of this complaint." *Id.* at P. 11. Thus on its face, Blue Spike's complaint clearly explains how the patented ASLR techniques work, how Vizio obtained and currently infringes upon said patents, the defendant's knowledge of its infringing uses, and that the defendant has not obtained a license for any of the plaintiff's patented technologies.

When the facts alleged in Blue Spike's complaint are construed as true and in a light most favorable to the plaintiff, its burden of pleading a plausible, short and plain statement, is clearly met in its complaint, and the defendant's 12(b)(6) motion to dismiss is unfounded.

### B. Vizio Relies on Misapplication of a "Sufficient Non-Infringing Uses" Defense to Contributory Infringement in its 12(b)(6) Claim that Cannot Be Sustained.

GARTEISER HONEA – TRIAL ATTORNEYS

In spite of the sufficiency of Blue Spike's complaint, Vizio's 12(b)(6) motion also asks this Court to disregard its liability for an infringing *feature, or component* of its product based on the premise that a substantial non-infringing use can be found in a television set *as a whole*.

This logically unsound application of 35 U.S. Code § 271 was rejected by the House Judiciary Committee report accompanying the Code's enactment and later by U.S. Supreme Court precedent. *See* H.R.Rep. No. 82-1923 at 9 (stating that § 271(c) "applies not only to the bare sale of an infringing component, but also to the sale of that component as part of a product or device."); *see also, Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd* 545 U.S. 913, 932, 125 S.Ct. 2764, 162 L.Ed.2d 737 (2007) (finding that the contributory infringement "analysis reflected patent law's traditional staple article of commerce doctrine, now codified, that distribution of a *component* of a patented device will not violate the patent if it is suitable for use in other ways. [citations omitted]. The doctrine was devised to identify instances in which it may be presumed from distribution of an article in commerce that the distributor intended the article to be used to infringe another's patent, and so may justly be held liable for that infringement."); *Sony Corporation of America v. Universal City Studios, Inc.*, 464 U.S. 417, 104 S.Ct. 774, 78 L.Ed.2d 574 (1984).

That the substantial non-infringing uses element of a contributory infringement claim is to apply to an infringing *feature* or *component* of a product has been further clarified by U.S. Court of Appeals, Federal Circuit decisions. *See Lucent Techs., Inc. v. Gateway, Inc., 580 F.3d 1301 (Fed. Cir. (Cal.) 2009); Ricoh Co. v. Quanta Computer Inc., 550 F.3d 1325, 1327 (Fed. Cir. (Wis.) 2008).* The *Ricoh* court underscores the bizarre result that would arise if the element of substantial non-infringing use was applied not to the infringing component of a product, but to the product as a whole, stating that a "competitor who wished to sell hardware that would enable infringement of a patented process could do so without incurring liability for contributory infringement by selling a

device that simply embedded the hardware for practicing the patented process within other hardware that also performs another process, or by combining the enabling hardware with other hardware." *See Ricoh*, *supra,* at 1337–38, 39 (holding that "[w]e are unable to read *Sony* or *Grokster* as requiring the court to ignore the sale of a separable, distinct and infringing component because it is bundled together with a noninfringing component before being distributed.").[1]

The court in *Lucent Tech* has extended the contributory infringement decision in *Ricoh* to California, holding that an "infringing feature" of a product does not escape liability simply because the product as a whole has other non-infringing uses. *See Lucent Tech, supra,* at 1321. The court in *Lucent Tech* also demonstrated the absurdity of applying the substantial non-infringing uses element to the product as a whole, hypothesizing that a product comprising five features, each of which infringed on a separate patent and was included without specific instructions on how to use the infringing features, would escape liability since—though infringing on each of five patents separately—would be found to have a non-infringing use as to each patent, and thus escape a claim of contributory infringement. *Id.* at 1320. The court held that a jury could reasonably conclude that a defendant was liable for contributory infringement, even where the defendant intended "users to use the [infringing feature]—perhaps not frequently—and the only intended use of the tool infringed." *Id.* at 1321. (alteration added). Thus, while specific instructions as to how to use an infringing feature indicates contributory infringement, it is also implied where a product's feature does not have substantial non-infringing uses. *See Lucent Tech, supra,* at 1320; *see also,* H.R.Rep. No. 82-1923 ("[o]ne who makes a special device constituting the heart of a

[1] *See also, Oak Indus., Inc. v. Zenith Elecs. Corp.,* 697 F. Supp. 988, 995 (N.D. Ill. 1988) (finding "the possibility, or even the likelihood, that someone may use it in a noninfringing manner does not protect the manufacturer [from contributory infringement] . . . Additional functions in a device that practices a patented method does not diminish direct infringement and, therefore, the fact that the device sold has other functions which are performed simultaneously with the patented method does not otherwise substantiate a noninfringing use for the purposes of § 271(c). This rule flows directly from the logic of the patent laws. To hold to the contrary would allow sellers of products that are clearly intended to infringe a patented method to avert liability simply by adding functions to that device.") (alterations added).

GARTEISER HONEA – TRIAL ATTORNEYS

patented machine and supplies it to others with directions (specific or implied) to complete the machine is obviously appropriating the benefit of the patented invention.").

In arguing that its television sets have non-infringing uses such as "antennas to receive and display content without streaming in secured content from third party providers," and "can also play content from physical devices (*e.g.*, video game consoles, DVD players, cable boxes, etc.)," Vizio attempts to make the argument that "so long as the resulting product, as a whole, has a substantial non-infringing use *based solely on the additional feature*, no contributory liability" exists. *See Ricoh, supra,* at 1337. The obvious reason for this misapplication of the rule was highlighted by the *Ricoh* court: "[u]nder such a rule, evasion of the protection intended by Congress in enacting § 271 would become rather easy." *Id.*

As discussed in the prior section, the focus of Blue Spike's complaint is on the patented ASLR feature utilized by the memory components of Vizio products. Blue Spike Complaint P. 6. Defendants tablets and Smartcast Tablet Remote that comes with its P-series and M-series televisions that employ the use of Android OS 4.0 or later infringe on the plaintiff's patented randomized memory process. Moreover, Vizio smart televisions "which include, but are not limited, to Vizio's D-Series, E-Series, M-Series, and Reference Series" employ a feature to stream third-party content such as "Netlfix, Youtube, Google Play, HBO Go, Fox Now, and other services," which also infringes on plaintiff's ASLR patented randomized memory process. On information and belief, the named Vizio's products use "various versions of the Android Operating System, beginning with version 4.0, and therefore infringe on the ASLR Patents," which are at the heart of its memory component when its secured content app streaming features, such as "Internet Apps Plus® (V.I.A. Plus)" and "VIZIO Smart Cast™ App," utilize the randomized ASLR memory system. The defendant has not obtained a license for any of Blue Spike's patented technologies,

though its products include components and features that use methods, devices, and systems taught by the plaintiff's patents.

The intended use of the infringing feature or component in Vizio's Reference Series smart televisions is spelled out in on its website advertisement, which is to "deliver[] the most popular apps featuring 4K UHD, HDR-mastered content coming soon to VUDU - as well as 4K UHD content on Netfix, Amazon Instant Video and UltraFlix." *See Reference Series Full-Array LED HDR + UHD Smart TV | VIZIO*, *available at* vizio.com/r-series. Moreover, Vizio's user manuals give specific instructions on how to enable the infringing secured streaming features for its D-series, E-series, M-series, P-series Reference Series smart television sets. *See Vizio D-series User Manual* at 64 (using "VIZIO Internet Apps Plus® (V.I.A. Plus)"); *Vizio E-series User Manual* at 13 (using "VIZIO Smart Cast™ App"); *Vizio M-Series User Manual* at 53 (using "VIZIO Internet Apps Plus® (V.I.A. Plus)"); *Vizio P-series User Manual* at 17 (using "VIZIO Smart Cast™ App"). Thus, it is when the secured streaming feature of Vizio's smart television sets are enabled, as well as Vizio tablets and its Smartcast Tablet Remote that comes with its P-series and M-series televisions that employ the use of Android OS 4.0 or later, that the ASLR randomized memory component of those television sets or tablets infringe on the plaintiff's patented methods, devices, and systems.

These features or components have no substantial non-infringing uses and, therefore, are liable for contributory infringement. While argument such as this is appropriate at a later stage in this lawsuit, Vizio's 12(b)(6) claim not only misrepresents the clear plausibility of the facts alleged, but it fails to understand the correct application of the contributory infringement substantial non-infringing use element.

GARTEISER HONEA – TRIAL ATTORNEYS

## CONCLUSION

Upon the foregoing points and authorities, Blue Spike respectfully petitions the Court to dismiss the Motion to Dismiss submitted by defendant, Vizio, on all three counts as the positions asserted in its Motion are either unfounded or unwarranted.

Respectfully submitted,

/s/ Randall T. Garteiser
Randall T. Garteiser
California Bar No. 231821
rgarteiser@ghiplaw.com
Christopher A. Honea
California Bar No. 232473
chonea@ghiplaw.com
Kirk J. Anderson
California Bar No. 289043
kanderson@ghiplaw.com
**GARTEISER HONEA, PLLC**
119 W Ferguson St.
Tyler, Texas 75702
Tel/Fax: (888) 908-4400

***Counsel for Blue Spike, LLC***

25
MEMORANDUM IN SUPPORT OF BLUE SPIKE'S OPPOSITION TO VIZIO'S MOTION TO DISMISS

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Federal Rule of Civil Procedure 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email, on this date stamped above.

/s/ Randall T. Garteiser
Randall T. Garteiser

GARTEISER HONEA – TRIAL ATTORNEYS

26

MEMORANDUM IN SUPPORT OF BLUE SPIKE'S OPPOSITION TO VIZIO'S MOTION TO DISMISS