RANDALL T. GARTEISER – SBN 231821
rgarteiser@ghiplaw.com
CHRISTOPHER A. HONEA – SBN 232473
chonea@ghiplaw.com
IAN N. RAMAGE – SBN224881
iramage@ghiplaw.com
GARTEISER HONEA, P.C.
119 W. Ferguson St.
Tyler, Texas 75702
Tel/Fax: (888) 908-4400

*Attorneys for Plaintiff Blue Spike, LLC*


ADRIAN M. PRUETZ – State Bar No. 118215
apruetz@glaserweil.com
REX HWANG – State Bar No. 221079
rhwang@glaserweil.com
STEVEN P. BASILEO – State Bar No. 157780
sbasileo@glaserweil.com
GUY M. RODGERS – State Bar No. 303229
grodgers@glaserweil.com
GLASER WEIL FINK HOWARD
   AVCHEN & SHAPIRO LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
Telephone:  (310) 553-3000
Facsimile:  (310) 556-2920

*Attorneys for Defendant VIZIO, Inc.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| Blue Spike, LLC, | CASE NO.: 8:17-cv-1172-DOC-KES |
| Plaintiff, | Hon. David O. Carter |
| v. | **[PROPOSED] STIPULATED PROTECTIVE ORDER** |
| VIZIO, Inc., | |
| Defendant. | **Discovery Matter** |

# 1. **PURPOSES AND LIMITATIONS**

This action is likely to involve trade secret, valuable research, and commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information, source code, information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and to serve the ends of justice, Plaintiff Blue Spike, LLC ("Blue Spike") and Defendant VIZIO, Inc. ("VIZIO") (individually "party" and collectively "parties") hereby stipulate to and petition the court to enter the following Protective Order.

The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 14.4 below, that this Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the court to file material under seal.

1474003

## 2.   DEFINITIONS

2.1    Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2    "CONFIDENTIAL" Information or Items: information designated as "CONFIDENTIAL" (regardless of how it is generated, stored, or maintained) shall mean and include any document, thing, deposition testimony, interrogatory answers, responses to requests for admissions and requests for production, disclosures pursuant to Federal Rule of Civil Procedure 26, or other information provided in discovery, settlement communications, negotiations, or in any other manner in this action, which contains information that is non-public, confidential, and/or proprietary, whether personal, such as information regarding employees' personal and employment information including without limitation social security numbers and personal bank account numbers, or business related, such as information that constitutes, reflects, or concerns trade secrets, know-how or proprietary data, business, financial, or commercial information, the disclosure of which is likely to cause harm to the competitive position of the party making the confidentiality designation, including for example non-public customer lists, past product development, past business/strategic plans, past sales projections, past marketing plans, and non-public contracts.  Certain limited types of "CONFIDENTIAL" information may be further designated, as defined and detailed below, as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE."

2.3    Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

2.4    Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE

CODE."

2.5     <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6     <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.7     <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"</u> <u>Information or Items</u>: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means. This type of information and items includes, but is not limited to, pending patent applications, products currently in development and not yet commercially released, technical specifications, documents regarding the design or development of the accused product or system, current business/strategic plans, future sales/financial projections, future marketing plans, detailed sales and financial data, or other highly sensitive proprietary competitive or financial information.

2.8     <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY –</u> <u>SOURCE CODE" Information or Items</u>: extremely sensitive "Confidential Information or Items" representing computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

//

2.9   House Counsel: attorneys who are employees of (i) a party to this action, (ii) a parent company or other company that owns a controlling interest of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10   Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11   Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.12   Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13   Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.14   Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15   Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE."

2.16   Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

## 3.   SCOPE

The protections conferred by this Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from

Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Protective Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

**4.  DURATION**

Even after final disposition of this litigation and the applicability of the requirements of Section 15 (FINAL DISPOSITION), the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing, a court order otherwise directs, or the confidentiality obligations expire pursuant to this Order. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.  DESIGNATING PROTECTED MATERIAL**

5.1  <u>Exercise of Restraint and Care in Designating Material for Protection</u>.

Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.

1474003

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (*see, e.g.*, second paragraph of Section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) <u>for information in documentary form</u> (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" to each page that contains protected material.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must

affix the appropriate legend ("CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE") to each page that contains Protected Material.

(b) <u>for testimony given in deposition or in other pretrial or trial proceedings,</u> that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 21 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Protective Order. Alternatively, a Designating Party may specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE."

**Parties shall give the other parties notice if they reasonably expect a deposition, hearing, or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect the document's designation as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE."**

**Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page**

**shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.**

(c) <u>for information produced in some form other than documentary and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE."

5.3    <u>Inadvertent Failures to Designate</u>. If timely corrected following the Designating Party's discovery of an inadvertent failure to designate, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## 6.    **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1    <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time ***consistent with the Scheduling Order***. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly

after the original designation is disclosed.

6.2   Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 10 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner. Nothing in this Order shall be construed as releasing a Party from its obligation to resolve discovery disputes, including a dispute over a confidentiality designation, pursuant to Central District of California Local Rule 37-1. *If the parties agree, they may use the informal telephonic process described on the Court's website.*

6.3   Judicial Intervention. If the Parties cannot resolve a challenge without court intervention, the Challenging Party shall file and serve a motion to challenge the confidentiality designation under Civil Local Rule 37-2 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is later. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (*e.g.,* to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. All parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

## 7.   ACCESS TO AND USE OF PROTECTED MATERIAL

7.1   <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation, unless otherwise permitted by this Protective Order. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 15 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2   <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary ;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the

"Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), **unless otherwise agreed by the Designating Party or ordered by the court**. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order.

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.3     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) No more than two House Counsel of the Receiving Party to whom disclosure is reasonably necessary to conduct this action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4(a)(2), below, have been followed;

(d) the Court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(f) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.4    Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" Information or Items to Experts.

(a) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" pursuant to paragraph 7.3(c) first must make a written request to the Designating Party that (1) identifies the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at

any time during the preceding five years,[1] and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

(b) A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Expert unless, within seven (7) calendar days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven (7) calendar days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion as provided in Civil Local Rule 37-2 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (*i.e*., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail

---

[1] If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

1474003

(under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

The Party opposing disclosure to the Expert shall use its best efforts to make any objection under this provision as early as possible to ensure that the other Party does not lose the ability to file a motion regarding a dispute under this provision. If a Party objects to an Expert under this provision at such a time that does not leave enough time under the Court's schedule for the other Party to file a discovery motion to resolve the dispute, the parties shall jointly move to shorten time on any such motion.

## 8.    PROSECUTION AND ACQUISITION BAR

Absent written consent from the Producing Party, no information designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" may be disclosed to Blue Spike or any person acting on its behalf before any foreign or domestic agency, including the United States Patent and Trademark Office ("the Patent Office"),  relating to the subject matter of this action, including without limitation the products accused of infringement and the patent asserted in this action or any patent or application claiming priority to or otherwise related to the patent asserted in this action In addition, no person acting on Blue Spike's behalf who received information marked "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY – SOURCE CODE" shall prosecute, or assist in the prosecution of, any patent application relating to the subject matter of this action, including without limitation the patent asserted in this action and any patent or application claiming priority to or otherwise related to the patent asserted in this action and including in connection with a reissue application, *ex parte* reexamination, *inter partes* reexamination, *inter partes* review, post-grant review, review under the transitional program for covered business method patents, or derivation proceedings of a patent asserted in this action or any patent or

application claiming priority to or otherwise related to the patent asserted in this action, anywhere in the world until two (2) years after final termination of this action, including any appeals. It does not preclude any person from doing any of the following activities on behalf of a party challenging the validity of a patent: filing or participating in a reexamination or a *inter partes* or other post-grant review, or from otherwise participating in any other proceeding challenging the validity of a patent. For purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims and also includes participating on behalf of a party defending the validity of a patent in any patent office proceedings that allow for claim scope amendment.[2] This Prosecution Bar shall begin when the affected individual first receives "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" information and shall end two (2) years after final termination of this action.

Additionally, any individual acting on behalf of Blue Spike that reviews and/or learns, in whole or in part, any technical "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" information under this Order shall not substantively supervise or assist in the acquisition of any patents related to the subject matter of this action for the purpose of asserting infringement claims against the Producing Party (or any related entity) on behalf of any client/the Receiving Party for two (2) years after final termination of this action, including any appeals.

**9.    <u>SOURCE CODE</u>**

(a) To the extent production of source code becomes necessary in this case,

---

[2] Prosecution includes, for example, original prosecution, reissue and reexamination proceedings, *inter partes* review proceedings, covered business method review proceedings, and post-grant review proceedings.

a Producing Party may designate source code as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" if it comprises or includes confidential, proprietary or trade secret source code.

(b) Protected Material designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY –SOURCE CODE" shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information, including the Prosecution and Acquisition Bar set forth in Section 8, and may be disclosed only to the individuals to whom "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information may be disclosed, as set forth in Sections 7.3 and 7.4.

(c) Provided that the Producing Party is given at least seven (7) business days' notice of the first proposed inspection and at least three (3) business days for any later proposed inspections, any source code produced in discovery shall be made available for inspection, in a format allowing it to be reasonably reviewed and searched, during normal business hours or at other mutually agreeable times, at an office of the Producing Party's counsel chosen by the Producing Party's Counsel or another mutually agreed upon location. Such inspection shall occur in the United States of America.  The source code shall be made available for inspection on a secured computer in a secured room without Internet access or network access to other computers, and the Receiving Party shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device. The Producing Party may visually monitor the activities of the Receiving Party's representatives during any source code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the source code.  The Receiving Party must keep a paper log indicating the names of any individuals inspecting the source code and dates and times of inspection, and the names of any individuals to whom paper copies of portions of source code are provided, and shall make the log available to the Producing Party within two business days of a request

16

1 from the Producing Party for the log.

2       (d) The Receiving Party may request paper copies of portions of source

3 code that are reasonably necessary for the preparation of court filings, pleadings,

4 expert reports, or other papers necessary for this action, or for deposition or trial, but

5 shall not request paper copies for the purpose of reviewing the source code other than

6 electronically as set forth in paragraph (c) in the first instance. The Producing Party

7 shall provide all such source code in paper form, including bates numbers and the

8 label "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE

9 CODE." The Receiving Party may request up to 500 printed pages of source code

10 with no more than 35 printed pages of continuous source code. In the event the

11 Receiving Party believes it is reasonably necessary to request more than 500 printed

12 pages of source code or more than 35 printed pages of continuous source code, the

13 Receiving Party shall notify the Producing Party of such request. Within 3 business

14 days after such notification, the parties shall meet and confer to discuss the Receiving

15 Party's request, which shall not be unreasonably denied. If after meeting and

16 conferring the parties are unable to reach an agreement, the Receiving Party may

17 challenge the Producing Party's objection pursuant to Section 6.3 whereby the

18 Receiving Party is the "Challenging Party" and the Producing Party is the

19 "Designating Party" for purposes of dispute resolution.

20       (e) The Receiving Party shall maintain a record of any individual who has

21 inspected any portion of the source code in electronic or paper form. The Receiving

22 Party shall maintain all paper copies of any printed portions of the source code in a

23 secured, locked area accessible only to those authorized under this Protective Order to

24 view such code. The Receiving Party shall not permit any printed portions of the

25 source code, or copies thereof, to leave the United States of America. The Receiving

26 Party shall not create any electronic or other images of the paper copies and shall not

27 convert any of the information contained in the paper copies into any electronic

28 format, except as necessary for permitted court or other filings. The Receiving Party

17

shall be permitted to make one (1) additional paper copy of the printed source code provided by the Producing Party under part (d) of this section. If the Receiving Party reasonably believes additional paper copies are required because such additional copies are (1) necessary to prepare court filings, pleadings, or other papers (including a testifying expert's expert report), (2) necessary for deposition, or (3) otherwise necessary for the preparation of its case, then the Receiving Party shall first notify the Producing Party to meet and confer on the Receiving Party's request. Any paper copies used during a deposition shall be retrieved by the Producing Party at the end of each day and must not be given to or left with a court reporter or any other unauthorized individual. Source code shall be referred to by production number, line number, and, where possible source code file name, during depositions.

## 10. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.[3]

---

[3] The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity

If the Designating Party seeks a protective order within a reasonable period after receiving the notification in subsection (a) above, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## 11. <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

## 12. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve

---

to try to protect its confidentiality interests in the court from which the subpoena or order issued.

1474003

all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**13. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

**14. MISCELLANEOUS**

14.1 <u>Right to Further Relief</u>. Nothing in this Protective Order abridges the right of any person to seek its modification by the court in the future.

14.2 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

14.3 <u>Export Control</u>. Disclosure of Protected Material shall be subject to all applicable laws and regulations relating to the export of technical data contained in such Protected Material, including the release of such technical data to foreign persons or nationals in the United States or elsewhere. The Producing Party shall be

responsible for identifying any such controlled technical data, and the Receiving Party shall take measures necessary to ensure compliance.

14.4 <u>Filing Protected Material</u>. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5.2.2 is denied by the Court on the merits, then the Receiving Party may file the Protected Material in the public record unless otherwise instructed by the Court.

## 15. **FINAL DISPOSITION**

Within 60 days after the final disposition of this action, as defined in Section 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed, and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this

1474003

Protective Order as set forth in Section 4 (DURATION).

STIPULATED TO BY BLUE SPIKE, LLC AND VIZIO, INC.

| PLAINTIFF BLUE SPIKE LLC | DEFENDANT VIZIO, INC. |
|---|---|
| /s/ Randall T. Garteiser<br>Randall T. Garteiser<br>  California Bar No. 231821<br>  rgarteiser@ghiplaw.com<br>Christopher A. Honea<br>  California Bar No. 232473<br>  chonea@ghiplaw.com<br>Ian N. Ramage<br>  California Bar No. 224881<br>  iramage@ghiplaw.com<br><br>**GARTEISER HONEA LLP**<br><br>888.908.4400 (phone / fax)<br><br>Primary Address to be Served:<br>119 W Ferguson, Tyler, TX 75702<br><br>Secondary Address:<br>795 Folsom St, Floor 1,<br>San Francisco, CA 94107-4226.<br><br>*Attorneys for Plaintiff Blue Spike, LLC* | /s/ Rex Hwang<br>Adrian Pruetz<br>  State Bar No. 118215<br>  apruetz@glaserweil.com<br>REX HWANG<br>  State Bar No. 221079<br>  rhwang@glaserweil.com<br>STEVEN P. BASILEO<br>  State Bar No. 157780<br>  sbasileo@glaserweil.com<br>GUY M. RODGERS<br>  State Bar No. 303229<br>  grodgers@glaserweil.com<br><br>**GLASER WEIL FINK HOWARD AVCHEN & SHAPIRO LLP**<br><br>10250 Constellation Blvd, 19th Fl.<br>Los Angeles, California 90067<br>Telephone: (310) 553-3000<br>Facsimile: (310) 556-2920<br><br><br>*Attorneys for Defendant VIZIO, Inc.* |

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: April 18, 2018

*Karen E. Scott*
_____
Hon. Karen E. Scott
United States Magistrate Judge

1474003

<u>EXHIBIT A</u>

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Central District of California on _____ [date] in the case of _____ **[insert formal name of the case and the number and initials assigned to it by the court]**. I agree to comply with and to be bound by all the terms of this Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
                        [printed name]

Signature: _____
                      [signature]

1474003