# Exhibit 7

1 Randall T. Garteiser, Texas Bar No. 24038912
  rgarteiser@ghiplaw.com
2 Christopher A. Honea, Texas Bar No. 24059967
  chonea@ghiplaw.com
3 Kirk J. Anderson, California Bar No. 289043
  kanderson@ghiplaw.com
4 Ian Ramage, California Bar No. 224881
  iramage@ghiplaw.com
5 **GARTEISER HONEA, P.C.**
  795 Folsom St, Floor 1, San Francisco, CA  94107-4226
6 Telephone: (888) 908-4400
7

8

9                    UNITED STATES DISTRICT COURT
                     CENTRAL DISTRICT OF CALIFORNIA
10                          SOUTHERN DIVISION

11 | BLUE SPIKE LLC, | Case No.: 8:17-cv-1172-DOC-KES |
   | --- | --- |
12 | Plaintiff, | |
13 | vs. | BLUE SPIKE LLC'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT, VIZIO, INC. |
14 | VIZIO, INC., | |
15 | Defendant | |

16

17  Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff Blue Spike LLC

18 ("Blue Spike") requests that Defendant Vizio, Inc. ("Vizio") produce for inspection and

19 copying at the offices of Garteiser Honea, 795 Folsom St, Floor 1, San Francisco, CA

20 94107-4226 the following documents in accordance with Rule 34 of the Federal Rules of

21 Civil Procedure and the definitions and instructions set forth herein, within 30 days after

22 service of this request.

23

24                    **DEFINITIONS AND INSTRUCTIONS**

25 A. "Blue Spike" or "Plaintiffs" means the named plaintiff Blue Spike LLC and their officers,

26 directors, employees, agents and representatives.

27

28 BLUE SPIKE LLC'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT, VIZIO, INC.
   - 1

B. "Vizio" or "Defendant" means the named Defendant Vizio, Inc. and any business entities, agents, attorneys, representatives, employees and all other persons acting or purporting to act on behalf of, or who are subject to the direction or control of, Central Puget Sound Regional Transit Authority.

C. "Document" is used in the broadest sense consistent with the definition set forth in Fed. R. Civ. P. 34(a). The term "document" includes, without limitation, physical objects and things, such as research and development samples, prototype devices, production samples and the like, as well as hard copies and electronic copies of computer production software, computer files and electronic mail (email). A draft, translation or non-identical copy is a separate document within the meaning of this term.

D. The "'569 patent" means U.S. Patent No. 5,745,569, titled "Method for Stega-Cipher Protection of Computer Code"

E. The "'719 patent" means U.S. Patent No. 8,930,719, titled "Data Protection Method and Device".

F. The "'246 patent" means U.S. Patent No. 7,475,246, titled "Secure Personal Content Server".

G. The "'561 patent" means U.S. Patent No. 8,171,561, titled "Secure Personal Content Server".

H. The "'295 patent" means U.S. Patent No. 8,739,295, titled "Secure Personal Content Server".

BLUE SPIKE LLC'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT, VIZIO, INC. - 2

I. The "'116 patent" means U.S. Patent No. 7,159,116, titled "Systems, Methods and Devices for Trusted Transactions".

J. The "'011 patent" means U.S. Patent No. 8,538,011, titled "Systems, Methods and Devices for Trusted Transactions".

K. The term "Accused Product(s)" means Vizio's Smart Televisions and Tablets that are capable of streaming secured content such as Netflix, YouTube, Google Play, HBO Go, Fox Now, and other such services.

L. Plaintiffs specifically requests that Defendant search all computers, hard drives, data storage and/or other archiving systems that might reasonably be expected to contain any of the documents, email and/or data requested in the following document requests.

M. If no responsive documents exist for any particular requests, please specifically state that no responsive documents exist.

N. For any responsive documents withheld or not produced on the basis that the document is privileged, confidential or otherwise protected from disclosure, please provide a description of each document (including the date, name and employer of the author of the document, all recipients of the document, type of document and general content of the document) sufficient to allow Plaintiffs to make an independent determination with respect to the claim of privilege or protection from disclosure.

O. For any responsive document that is no longer available or in existence, please provide a description of the document or documents, an explanation for why the document is no longer in existence and any information known to Defendant that would aid Plaintiffs in locating and/or obtaining the requested documents from another source.

BLUE SPIKE LLC'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT, VIZIO, INC. - 3

P. The obligation to produce the documents requested herein is continuing within the terms of Fed. R. Civ. P. 26(e).

Q. If Defendant finds the meaning of any term in these requests unclear, Defendant shall assume a reasonable meaning, state what the assumed meaning is and respond to the requests according to the assumed meaning.

## DOCUMENT REQUESTS

1. Please produce all documents, including any correspondence, email or data in electronic form, mentioning or referring to Blue Spike.

2. Please produce all documents, including any correspondence, email or data in electronic form, mentioning or referring to the '569 Patent.

3. Please produce all documents, including any correspondence, email or data in electronic form, mentioning or referring to the '719 Patent.

4. Please produce all documents, including any correspondence, email or data in electronic form, mentioning or referring to the '246 Patent.

5. Please produce all documents, including any correspondence, email or data in electronic form, mentioning or referring to the '561 Patent.

6. Please produce all documents, including any correspondence, email or data in electronic form, mentioning or referring to the '295 Patent.

7. Please produce all documents, including any correspondence, email or data in electronic form, mentioning or referring to the '116 Patent.

BLUE SPIKE LLC'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT, VIZIO, INC. - 4

8. Please produce all documents, including any correspondence, email or data in electronic form, mentioning or referring to the '011 Patent.

9. Please produce all documents, including any correspondence, email or data in electronic form, mentioning or referring to any patent owned by Plaintiff.

10. Please produce all documents, including any correspondence, email or data in electronic form, mentioning or referring to the subject matter of the above listed since January 1, 2016.

11. Please produce all documents, including any correspondence, email or data in electronic form, mentioning or referring to when Defendant first became aware of the existence of any of the above listed patents or its alleged infringement thereof, or any of Plaintiffs' patents.

12. Please produce all user manuals for the Accused Product since January 1, 2016.

13. Please produce all training materials referring or relating to the Accused Product since January 1, 2016.

14. Please produce all documents, including correspondence, email or data in electronic form, referring or related to the conception, research, design, development and commercialization of the Accused Product, including development meeting notes or correspondence, status reports, committee meeting minutes, testing reports, simulations, developers' notes and notebooks, project schedules, meeting presentations, algorithms, schematics, screen shots, drawings, prototypes, samples and specifications.

15. Please produce all documents, including correspondence, email or data in electronic form, referring or related to the conception, research, design, development and commercialization of the Accused Product and any other vehicle tracking system used or

BLUE SPIKE LLC'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT, VIZIO, INC.
- 5

created by Defendant that provides notifications to users regarding the location, estimated time of arrival and/or delay of vehicles, including development meeting notes or correspondence, status reports, committee meeting minutes, testing reports, simulations, developers' notes and notebooks,

project schedules, meeting presentations, algorithms, schematics, screen shots, drawings, prototypes, samples and specifications.

16. Please produce all documents, including correspondence, email or data in electronic form, referring or related to the structure, operation, function or performance of the Accused Product and/or its components, including all source code, user guides, reference manuals, product manuals, product descriptions, technician's guides, installation guides, technical manuals, software manuals, screen shots and datasheets.

17. Please produce all documents, including correspondence, email or data in electronic form, referring or related to any instructions, information or directions Defendant provides to any of its customers concerning how to use, install or operate the Accused Product.

18. Please produce all documents, including correspondence, email or data in electronic form, referring or related to any instructions, information or directions Defendant provides to any of its customers concerning how to use, install or operate any other vehicle tracking system used or created by Defendant that also provides notifications to users regarding the location, estimated time of arrival and/or delay of vehicles.

19. Please produce samples of all promotional items, marketing material or advertisements referring to the Accused Product since January 1, 2016.

20. Please produce samples of all promotional items, marketing material or advertisements referring to any other vehicle tracking system used or created by Defendant that provides notifications to users regarding the location, estimated time of arrival and/or delay since January 1, 2016.

21. Please produce all documents, including correspondence, email or data in electronic form, referring or related to any advantages, benefits or features of the Accused Product since January 1, 2016.

22. Please produce any documents that Defendant contends is material to the scope, interpretation, validity, infringement or enforceability of the above listed patents or any claim of any of the above listed patents since January 1, 2016.

23. Please produce any alleged prior art to the above listed patents.

24. Please produce all documents that contain, refer or relate to any oral or written opinion received by Defendant concerning the validity, invalidity, enforceability, unenforceability, infringement, noninfringement, patentability, scope or interpretation of above listed patents or any claim of the above listed patents since January 1, 2016.

25. Please produce all documents and things not previously produced which Defendant intends to rely upon in its defense or in support of its counterclaim at trial.

26. Source code related to all Vizio's Smart Televisions imported into the U.S. since January 1, 2018.

27. Source code related to Vizio's Tablets streaming of audio and/or video content since January 1, 2018.

28. Source code related to all Vizio's Smart Televisions imported into the U.S. since January 1, 2018.

29. Source code related to Vizio's Tablets streaming of audio and/or video content since January 1, 2018.

30. Source code related to Vizio's Smart Televisions and Tablets streaming functionality of audio and/or video content.

31. All notes related to revisions to the source code related to the streaming functionality since January 1, 2016 for Vizio's Smart Televisions and Tablets.

32.   Documents explaining the differences in the versions of the source code and/or programming code for Vizio's Smart Televisions and Tablets since January 1, 2016.

33. Documents listing the versions of the source code and/or programming code for Vizio's Smart Televisions and Tablets since January 1, 2016.

February 23, 2018                                        Respectfully served,

                                                    */s/ Randall Garteiser*
                                                    Randall T. Garteiser
                                                        Texas Bar No. 24038912
                                                        rgarteiser@ghiplaw.com
                                                    Christopher A. Honea
                                                        Texas Bar No. 24059967
                                                        chonea@ghiplaw.com
                                                    Kirk J. Anderson
                                                        California Bar No. 289043
                                                        kanderson@ghiplaw.com
                                                    Ian Ramage

BLUE SPIKE LLC'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT, VIZIO, INC. - 8

California Bar No. 224881
iramage@ghiplaw.com
**GARTEISER HONEA, PLLC**
119 W. Ferguson Street
Tyler, Texas 75702
Telephone: (903) 705-7420
Facsimile: (888) 908-4400

*Counsel for Blue Spike LLC*

**Certificate of Service**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Federal Rule of Civil Procedure 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email.

/s/ Randall Garteiser

BLUE SPIKE LLC'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT, VIZIO, INC. - 9